Wheeler's heirs *vs.* Dunlap, &c.

ERROR TO FAYETTE CIRCUIT.

Judge Simpson delivered the opinion of the court.

1. Extrinsic evidence to prove not what a testator expressed, but what he intended to express, is inadmissible. The meaning of words, when general expressions are used, may sometimes be inquired into, and evidence of the situation and circumstances of the testator, and of the character, nature, and value of the subject matter of the devise, may be introduced, to enable the court to give a proper construction to his will, so that the interpretation may be consistent with and sustained by the terms of the will, as understood and applied by the testator.

2. A devise of that "portion of my property remaining," contained in a will—held sufficient to pass the real estate, unless restrained by the context, or unless the provisions of the will itself show that the testator meant to use the words as merely applicable to personal property.

3. The modern doctrine is, that to confine the word *property* to personalty alone, there must be a clear indication in the will of such intention; some other indication is necessary besides the fact that the previous parts of the will relate to personalty only. (*Jarman on Wills*, 670.)

4. A case in which the word "*property*" in a will was held not to embrace the lands of the testatrix, from extraneous facts appearing in the case.

The questions involved in this case depend upon the construction of the will of Eve Dunlap, deceased.

After the usual preamble, the testatrix directs her just debts and funeral expenses to be paid, and then states—"It is my will, that in consideration of the numerous services and dutiful attentions of my daughter Catharine Martin, to me, that she shall have the following property, to-wit, two beds and bedsteads," &c., enumerating various articles of personal property. She then makes a devise in the following language: "It is my will that my son, W. Jefferson, shall have my two boys Thornton and Arche, and that he shall pay over to George W. Dunlap and Catharine Martin the amount of their value over and above his proportionable part with my two children above named, having due reference to an equal division between my three children of that portion of my property remaining, which I wish divided equally

WHEELER'S H'RS.
*vs.*
DUNLAP, &c.

"between William Jefferson and George W. Dunlap "and Catharine Martin."

In August, 1819, a tract of land, containing seventy-four acres, was conveyed to William Dunlap and Eve his wife. William Dunlap, the husband, died a few years after the date of the deed, and Eve Dunlap the testatrix, to whom the right to the land survived upon the death of her husband, continued to reside upon it until her death, which occurred in 1842. Her will bears date in 1841, at which time, according to the testimony in the cause, the tract of land referred to was of the value of four thousand dollars, and the two slaves devised to William Jefferson, who were both small children, were of the value of four hundred dollars. And it satisfactorily appears from the testimony that the testatrix only claimed a life estate in the land, and believed that it belonged to her children after her death.

This suit was brought by part of her heirs to have partition of the land, and an account of the rents and profits, and the question to be determined is, did the land pass to the devisees, under the aforesaid clause in the will of the testatrix.

1. Extrinsic evidence to prove, not what a testator expressed, but what he intended to express, is inadmissible. The meaning of words, when general expressions are used, may sometimes be inquired into, and evidence of the situation and circumstances of the testator, and of the character, nature, and value of the subject matter of the devise, may be introduced,

The doctrine is well settled, that extrinsic evidence to prove, not what a testator has expressed, but what he intended to express, is inadmissible. The meaning of the words used has, however, where general expressions are contained in a will, sometimes to be inquired into, and then evidence of the situation and circumstances of the testator, and of the character, nature, and value of the subject matter of the devise, may be introduced, to enable the court, by placing itself in the attitude of the testator, to ascertain his intention, and put a correct construction upon the language used by him; yet such evidence is inadmissible even for this purpose, unless a sufficient indication of intention appears on the face of the will to justify its application. So that, at last, the interpretation of a will must depend upon, and be governed by the sense in which the words contained in it

were intended to be understood and applied by the testator, as indicated by the contents of the instrument itself.

The word "property" is, by judicial construction, deemed sufficient to embrace both real and personal estate; but being a general expression, its meaning when used in a will may be restricted to that description of property to which the testator intended it to apply. The devise of that "portion of my property remaining," contained in the will under consideration, is certainly sufficient to pass the real estate of the testatrix, unless restrained by the context, or unless the provisions of the will itself show that she meant to use the words as merely applicable to personal property.

It has been held in some cases, that where the will contained no introductory words, showing an intent to dispose of all the property of the testator, and no preceding devise of real estate, but only bequests of personal property, and such is the case here, that there a residuary devise of all the rest of the testator's property, or *estate*, would not pass his land to the devisee. (*Bullard* v. *Goffe*, 20 *Pick*. 252; *Roe, d. Hilling* v. *Yeud*, 2 *Boss. & Pull. New Rep.* 314; *Doe, d. Bunny* v. *Roset*, 7 *Taunt.* 79.)

The doctrine of the more modern cases, however, is, that to authorize the confining of the word *property* and other such expressions to personal estate, there must be a clear indication in the will of an intention so to confine them; and the fact that there has been no preceding devise of real estate, or that the words used have been applied in the previous part of the will to dispose of personal estate, or are accompanied by words descriptive of personal estate merely, will not have the effect to restrict them invariably to personal property; but to warrant such a restriction, some other indication of intention is necessary. (*Jarman on Wills*, 1 *vol.* 670, *and the cases cited.*)

to enable the court to give a proper construction to his will, so that the interpretation may be consistent with and sustained by the terms of the will, as understood and applied by the testator.

2. A devise of that "portion of my property remaining," contained in a will—held sufficient to pass the real estate, unless restrained by the context, or unless the provisions of the will itself show that the testator meant to use the words as merely applicable to personal property.

3. The modern doctrine is, that to confine the word *property* to personalty alone, there must be a clear indication in the will of such intention; some other indication is necessary besides the fact that the previous parts of the will relate to personalty only. (*Jarman on Wills*, 670.)

Wheeler's h'rs.
vs.
Dunlap, &c.

4. A case in which the word *"property"* in a will was held not to embrace the lands of the testatrix, from extraneous facts appearing in the case.

By recurring to the devise in question, it is evident the testatrix supposed that the *portion of her property remaining*, and which she intended to devise to three of her children, would not be sufficient to make the shares of two of them equal to that which she specifically devised to the other, and, therefore, she required that one to pay over to the other two so much as the value of the property devised to him exceeded the value of that which they would obtain by virtue of the devise. Now, when it is recollected that the property devised to him was only of the value of four hundred dollars, and the land belonging to the testatrix was of the value of four thousand dollars, it most manifestly appears that the testatrix did not intend to pass the land, for if she had, she would have known that the property devised was of much greater value than would be required to equalize the two devisees with the other, and the requisition on that one, to contribute towards that object, would have been unnecessary and would not have been made.

When the nature and value of the subject matter of the devise and of the real estate of the testatrix is understood, and which may be proved by parol evidence to enable the court, by placing itself in the position of the testatrix, to put such a construction upon the language used by her as will effectuate her intention as indicated by the will itself, there is no difficulty in determining what construction is required for that purpose. She obviously intended to devise her personal property only. There is no reference to real estate in any part of the will. The remainder of the estate she intended to devise was not sufficient to make the other two devisees equal with the one to whom she had devised two small slaves of the value of four hundred dollars only; that remainder could not, therefore, include land of the value of four thousand dollars. As then she could not have intended to devise the land, it did not pass by the will, but descended to her heirs at law.

In giving this construction to the will, we have not taken into consideration the parol evidence introduced to show that the testatrix only claimed, and did not suppose that she had a right to any more than a life estate in the land, inasmuch as that fact afforded no aid in ascertaining the meaning of the language used, when that meaning had to be arrived at from indications furnished by the will itself.

The court below refused to decree a partition of the land, and held, erronously, that it passed by the will.

Wherefore the decree is reversed, and cause remanded for a decree of partition, and further proceedings consistent with this opinion.

*Shy & Beck*, for plaintiffs; *Robertson* and *Kinkead*, for defendants.